IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| HUBERT ALAN FAULK, individually, and as owner of the SAILING VESSEL "YEMAYA" Official Number 640613, her engines, bowspirit, anchor, cables, chains, rigging, tackle, apparel, furniture and all accessories hereunto appertaining and belonging to her, and as owner of CHARLESTON LUXURY SAILING CHARTERS, INC., | ) ) ) ) ) ) ) ) ) ) | Civil No. 2:10-CV-00410-DCN |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES COAST GUARD, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Ameris Bank's motion to intervene pursuant to Federal Rule of Civil Procedure 24(a). Ameris Bank is the holder of a preferred ship mortgage on the Sailing Vessel (S/V) "Yemaya," which was owned by plaintiff Charleston Luxury Sailing Charters, Inc., until its default on the mortgage and related note. On November 3, 2009, Ameris Bank initiated a foreclosure action (Civil Action No. 2:09-CV-2865-DCN) in this court against plaintiffs. Ameris Bank now seeks intervention as of right in the instant case, or in the alternative, requests that this court: (1) allow Ameris Bank to review any discovery relevant to its lien, (2) conduct limited discovery on issues relevant to its lien not conducted by plaintiffs, (3) approve any

1

settlement in this case, and (4) allow Ameris Bank to submit its position on the settlement.

Rule 24(a) compels a court to permit intervention when a private party shows "'first, an interest sufficient to merit intervention; second, that without intervention, its interest may be impaired; and, third, that the present litigants do not adequately represent its interest.'" United Guar. Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund Soc'y, 819 F.2d 473, 474 (4th Cir. 1987) (quoting Virginia v. Westinghouse Elec. Corp., 542 F.2d 214, 216 (4th Cir. 1976)). "[L]iberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (quoting Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967)).

After careful consideration of the parties' written and oral submissions, the court finds that Ameris Bank's interest in the instant case satisfies the requirements of Rule 24(a). At the same time, the court recognizes and expresses concern that Ameris Bank may attempt to seek attorney's fees and costs related to its intervention in the case from plaintiffs, pursuant to loan documents executed by plaintiffs. Therefore, the court **GRANTS** Ameris Bank's motion to intervene, with the following condition: Ameris Bank must seek court approval for any attorney's fees or costs it wishes to recover from plaintiffs.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**December 9, 2010
Charleston, South Carolina**